IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON,
RALPH DE LA MONTANYA,
RODERICK TIMMONS,
RICHARD LAURANZANO
MEN'S ADVISORY COUNCIL,

        Plaintiffs,

vs.

R.N. PURCELL, et al.,

        Defendants.
_____/

No. CIV S-07-0886 LKK DAD P

ORDER

        Plaintiffs, four state prisoners proceeding pro se, have filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. An incomplete application to proceed in forma pauperis has been submitted only by plaintiff Raymond D. Jackson.

        Plaintiffs allege that they are members of the Permanent Executive Body of the Men's Advisory Council at the California Medical Facility (CMF) - Vacaville. They describe the instant action as a lawsuit for declaratory, monetary, and injunctive relief brought against Correctional Officer Slade, Correctional Officer Chambers, Correctional Officer Guiterrez, and Lieutenant Hall. Plaintiffs allege that the defendants violated their rights under the Fourteenth

/////

Amendment and the Eighth Amendment of the United States Constitution. Plaintiffs also allege that defendants retaliated and conspired against them.

Under the rules that govern civil cases in federal court, parties may be dropped or added by order of the court of its own initiative at any stage of the action and on such terms as are just, and any claim against a party may be severed and proceeded with separately. Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from transfer of inmates, changes in address when inmates are released, and difficulties faced by inmates who attempt to communicate with each other in the same institution and with unincarcerated individuals. Accordingly, the court finds that each plaintiff should proceed separately on his own claims.

Plaintiff Raymond D. Jackson will proceed in this action. Plaintiffs Ralph De La Montanya, Roderick Timmons, and Richard Lauranzano will proceed in three new civil actions to be opened by the Clerk of the Court pursuant to this order. Each of the four plaintiffs named in this action will proceed with his own individual action and will be solely responsible for his own case. The Clerk of the Court will be directed to assign the three new actions to the same district judge and magistrate judge assigned to this action. The Clerk will also be directed to make appropriate adjustment in the assignment of civil cases to compensate for the reassignment.

Each of the four plaintiffs will be given thirty days to file, in his own action, an amended complaint presenting only his individual claims. Each plaintiff is required to use the complaint form provided by the court with the plaintiff's copy of this order. Each of the four plaintiffs must also pay the $350.00 filing fee for his action or submit a properly completed application to proceed in forma pauperis. A plaintiff who seeks leave to proceed in forma pauperis must use the application form provided with this order. See 28 U.S.C. § 1915(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Raymond D. Jackson shall proceed as the sole plaintiff in this case.

2. The claims of plaintiffs Ralph De La Montanya, Roderick Timmons, and Richard Lauranzano are severed.

3. The Clerk of the Court is directed to:

   a. Open three separate civil actions for plaintiffs Ralph De La Montanya, Roderick Timmons, and Richard Lauranzano;

   b. Assign each of the three new actions to the district judge and magistrate judge to whom the present case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket this order in this case and in the three new cases opened for the plaintiffs listed in number 3a above;

   d. File and docket a copy of the complaint filed May 10, 2007, in the three new cases opened for plaintiffs Ralph De La Montanya, Roderick Timmons, and Richard Lauranzano; the in forma pauperis application filed in this case shall not be filed in the three new cases;

   e. Amend the caption of the complaint filed in each of the three new cases to delete all plaintiffs' names except the name of the individual plaintiff proceeding in the newly opened action; and

   f. Send each plaintiff an endorsed copy of his own complaint bearing the amended caption and the case number assigned to his own individual action.

4. Each plaintiff's complaint is dismissed with leave to amend.

5. Each plaintiff is granted thirty days from the date of this order to file an amended complaint in his own case, using the form provided with this order; each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Failure to file an amended complaint in accordance

with this order will result in a recommendation that the plaintiff's action be dismissed without prejudice.

      6. Each plaintiff is granted thirty days from the date of this order to pay the $350.00 filing fee or file a properly completed application to proceed in forma pauperis, using the form provided with this order. Failure to pay the filing fee or file a properly completed application to proceed in forma pauperis will result in a recommendation that the plaintiff's action be dismissed without prejudice.

      7. The Clerk of the Court is directed to send each plaintiff the form for filing a prisoner's civil rights action under 42 U.S.C. § 1983, and to provide each plaintiff with an Application to Proceed In Forma Pauperis By a Prisoner proceeding with a civil rights action.

DATED: October 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jack0886.2